**James Sidney WINTERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45900.**

Court of Criminal Appeals of Texas.

Oct. 25, 1972.

———◆———

Clyde Gordon, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Henry Oncken, Asst. Dist. Attys.,

Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DAVIS, Commissioner.

This is an appeal from an order revoking probation.

Appellant entered a plea of guilty before the court to the offense of felony theft on March 17, 1971. Punishment was assessed at ten years, but the imposition of sentence was suspended and appellant was placed on probation.

Among the conditions of probation was the requirement that appellant "(g) remain within the limits of Harris County, Texas, and change place of residence only with permission from the probation officer."

On June 21, 1971, the State filed a motion to revoke probation and among the violations alleged was "said defendant failed to remain within the limits of Harris County, Texas, and change place of residence only with permission from the probation officer."

On November 5, 1971, the court, after a hearing, entered judgment revoking probation which recited generally "that said defendant has violated the terms of his probation."

Appellant contends that the court abused its discretion in revoking probation based on testimony that he did not receive permission of the probation officer to travel outside the State.

Probation Officer Elliott testified that appellant did not receive permission to leave Harris County or a signed travel permit to leave the State.

Deputy Sheriff Parsons testified that on June 15, 1971, he went to Wilcox, Arizona to arrest appellant on a felony car theft warrant and that he picked appellant up at a jail in Arizona and returned him to Harris County.

Appellant's reliance on Whitney v. State, 472 S.W.2d 524, is misplaced in that the probationer in Whitney was only charged with changing his place of residence without permission from the probation officer. In the instant case, the State's motion to revoke goes beyond the allegation in Whitney and charges appellant with having left Harris County without permission from the probation officer. The proof supports this allegation. This Court has held that the violation of a similar condition was sufficient cause alone to authorize the court to exercise its discretion in revoking probation. Creamer v. State, Tex.Cr.App., 430 S.W.2d 500; Duck v. State, Tex.Cr.App., 427 S.W.2d 884; Miller v. State, 168 Tex.Cr.R. 570, 330 S.W.2d 466.

Finding the trial court did not abuse its discretion in revoking appellant's probation, the judgment is affirmed.

Opinion approved by the Court.