William Michael HERRINGTON,
Appellant,

v.

The STATE of Texas, Appellee.

No. 51403.

Court of Criminal Appeals of Texas.

March 17, 1976.

Rehearing Denied April 7, 1976.

Nathan P. Hoffman, Victoria, for appellant.

Robert J. Seerden, Dist. Atty. and Knute L. Dietze, Asst. Dist. Atty., Victoria, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

This is an appeal from an order revoking probation.

On January 15, 1975, appellant was convicted of burglary of a building. Punishment was assessed at six years and a fine of $500.00, probated. The order of probation contained, among others, the following terms and conditions:

"9. Not change place of residence without prior approval of the Victoria County Probation Officer;

"13. Report as directed by Probation Officer, at least once a month;

"14. Pay into Victoria County the sum of $10.00 per month each and every month during the term of this probation, with payments made to the probation officer;

"15. The defendant shall pay restitution in the amount of $24.00;

"16. Pay $100.00 for cost of attorney appointed to represent him in this cause. This amount to be paid at no less than $50 per month beginning on February 15, 1975.

"17. The $500.00 fine is to be paid at no less than $50.00 per month beginning on February 15, 1975."

The record reflects that a copy of this order was timely delivered to appellant, and explained to him by his probation officer.

On May 6, 1975, the State filed a motion to revoke appellant's probation, alleging as grounds therefor the following:

"(9) Probationer has moved to California without prior approval of the Victoria County Probationer Officer; (13) Probationer was instructed on January 15, 1975 to report to the Probation Office weekly as he was unemployed and had no place

of residence but Probationer failed to report until February 17, 1975; (14) Since receiving probation, Probationer has failed to pay his supervisory feel (sic) and presently owes $30.00; (15) Probationer has failed to pay the restitution that he was ordered to pay; (16) Probationer has failed to pay for the cost of attorney appointed to represent him; amount owed: $100.00; (17) Probationer has failed to make the monthly payments toward paying his fine; monthly payments: $50.00."

At the hearing on the motion, the only witness was David Dennison of the probation office of Victoria County, who was assigned as appellant's probation officer. Testifying from his own personal records, the sum total of Dennison's testimony of the alleged violations of probation was as follows:

"Q Okay. Now, please tell the Court the conditions and—that he has violated.

"A All right. Rule Number 9. He moved without prior approval of the Victoria County Probation Department. Rule Number 13, he failed to report as directed by the probation officer at least once per month. Number 14, that he failed to pay supervisory fee to Victoria County in the amount of $10 per month each and every month. Number 15, that he—he failed to pay restitution as ordered in the amount of $24. Number 16, he's failed to pay $100 for court appointed attorney to represent him. And Number 17, that he failed to pay a $500 fine in the amount of $50 per month.

"Q Okay. Now, on the fine, Mr. Dennison, how was that fine payable?"

"A That fine was to be paid at $50. per month beginning February the 15th, 1975.

"Q Has he made any of the monthly payments whatsoever?

"A No, sir. As best I can tell from the notes he has made no payments.

"Q Okay. Now, Mr. Dennison, did you ever give Mr. Herrington permission to leave the State of Texas for any reason?

"A No, sir. I did not."

No other evidence of violations was offered. Appellant did not cross-examine Dennison, and offered no evidence.

The trial court, at appellant's request, filed written findings to the effect that appellant had violated conditions 9, 13, 14, 15, 16, and 17 of the order of probation, supra.

Appellant in a number of grounds of error contends that due to insufficiency of the evidence the court abused its discretion in revoking probation.

We first consider the court's findings that appellant failed to pay supervisory fees (condition 14), restitution (condition 15), attorney's fees (condition 16) and monthly payments of his fine (condition 17). There was no evidence offered concerning appellant's ability to make such payments, or that his failure to pay was intentional.

We quote as follows from our opinion in *Hardison v. State*, Tex.Cr.App., 450 S.W.2d 638:

"Where probationary conditions relate to the payment of restitution and court costs there must be a showing at the revocation hearing of the probationer's ability to make the payments required and that the failure to make the restitution was intentional, *McKnight v. State*, Tex.Cr.App., 409 S.W.2d 858, and the failure to pay court costs was willful. *Taylor v. State*, 172 Tex.Cr.R. 45, 353 S.W.2d 422; *Campbell v. State*, Tex.Cr.App., 420 S.W.2d 715; *Cox v. State*, Tex.Cr.App., 445 S.W.2d 200 (concurring opinion). We know of no reason why these requirements should not likewise apply to the payment of the supervisory or service fee authorized by Section 6a of Article 42.12, Vernon's Ann.C.C.P., as amended 1967."

See also *Szczeck v. State*, Tex.Cr.App., 490 S.W.2d 576; *Kuenstler v. State*, Tex.Cr. App., 486 S.W.2d 367; *Pool v. State*, Tex.Cr. App., 471 S.W.2d 863.

■ In the absence of a showing of appellant's ability to make the payments required, and that his failure was intentional, the court abused its discretion in revoking probation based on failure to make the required payments.

We next consider the sufficiency of the evidence to support the court's findings that appellant moved without prior approval of the Victoria Probation Department, and that he failed to report as directed by his probation officer at least once per month.

■ The only evidence supporting the "moving" finding was the statement of the witness: "Rule No. 9. He moved without prior approval of the Victoria County Probation Department." This statement was made to support the allegation in the motion to revoke that: "Probationer has moved to California without prior approval of the Victoria County Probationer Officer." Although the sole witness at the trial testified that he did not give permission for appellant to leave the State of Texas, there is not one word of evidence that appellant left the State, or that he moved to California. Condition (9) of the probation order provided that the probationer should not "change his place of residence without prior approval of the Victoria County Probation Officer." The bare statement that appellant moved without such prior approval without further details or explanation is not sufficient to prove that he violated the condition that he should not change his residence without such approval. See *Whitney v. State*, Tex.Cr.App., 472 S.W.2d 524. Cf. *Winters v. State*, Tex.Cr.App., 486 S.W.2d 322. Neither is it sufficient to meet the allegation in the State's motion that appellant moved to California. See *Whitney, supra; Franks v. State*, Tex.Cr.App., 516 S.W.2d 185; *Ford v. State*, Tex.Cr.App., 488 S.W.2d 793. The State failed to meet its burden to prove the violation of the condition alleged in its motion.

Condition No. 13, supra, required appellant to report as directed by the probation officer at least once a month. The State, in its motion, alleged that "Probationer was instructed on January 15, 1975, to report to the Probation Office weekly as he was unemployed and had no place of residence but Probationer failed to report until February 17, 1975." The only evidence in support of this allegation was the statement of the probation officer that "he failed to report as directed by the probation officer at least once per month." The court found that "Defendant failed to report as directed by his probation officer at least once per month."

■ The order of the court requiring the probationer to report as directed by the probation officer at least once a month sufficiently required appellant to report not less than once per month. *Carter v. State*, Tex.Cr.App., 482 S.W.2d 875; *Cox v. State*, Tex.Cr.App., 445 S.W.2d 200, concurring opinion. However, it did not delegate authority to the probation officer to require weekly reports, and any such instructions given by the officer were beyond his legal authority and of no force. *Parsons v. State*, Tex.Cr.App., 513 S.W.2d 554; *DeLeon v. State*, Tex.Cr.App., 466 S.W.2d 573; *Campbell v. State*, Tex.Cr.App., 420 S.W.2d 715.

■ The State's motion did not allege a violation of the court's order that appellant report not less than once a month. The order was entered January 15, and the motion alleges, in substance, that appellant reported February 17. The order of probation and the evidence are silent as to the dates of the month appellant should report. There is no evidence of the months he failed to report. The bare conclusory statement of the witness "He failed to report *as directed by the probation officer* at least once per month" in the absence of further facts concerning such failure is too vague, indefinite and ambiguous to reflect that appel-

lant failed to report as directed by the court.

We conclude that the court abused its discretion in revoking probation. See *Scamardo v. State*, Tex.Cr.App., 517 S.W.2d 293.

The order is reversed and the cause is remanded.

Opinion approved by the Court.