Paul STANFIELD, Appellant,

v.

The STATE of Texas, State.

No. 2–81–348–CR.

Court of Appeals of Texas, Second District.

June 30, 1982.

On Rehearing Aug. 11, 1982.

Discretionary Review Granted Oct. 27, 1982.

William K. Clary, Bridgeport, for appellants.

Brock R. Smith, Dist. Atty., Gainesville, for appellees.

Before HUGHES, RICHARD L. BROWN and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is an appeal from an order revoking appellant's probation of his conviction of burglary of a building. V.A.C.C.P. art. 42.-12.

We reverse and remand.

Appellant was convicted of burglary on April 21, 1978. Punishment was assessed at not less than two years nor more than seven years, probated.

The State subsequently moved to revoke probation, alleging that the appellant violated the terms and conditions of his probation by failing to pay his probation fees of $10.00 per month, and also passing a check upon which he forged his mother's signature. To each allegation, appellant pled "untrue".

At the revocation hearing January 16, 1981, the court found appellant had committed both of the alleged violations and signed an order revoking probation and assessing punishment at seven years.

Appellant complains that there is (1) no evidence that his failure to pay his probation fees was intentional and (2) insufficient evidence to sustain the forgery allegation.

The evidence is that the appellant paid each monthly probation fee except those due in September and October, 1980. He was employed and had the ability to pay the fees at all times material to the case.

Appellant testified that he believed he had paid the September and October fees, and that his failure to pay was not intentional. The record contains no evidence that he intentionally failed to pay.

The general rule is that if probation is to be revoked on the ground that the probationer failed to pay supervision fees, the State must prove that (a) the probationer had the ability to pay and (b) his failure was intentional. *Curtis v. State*, 548 S.W.2d 57 (Tex. Cr. App. 1977).

The Legislature has modified the rule to the extent that in cases where non-payment of fees is the *only* ground upon which revocation is sought, the probationer's inability to pay is an affirmative defense which he must raise and prove by a preponderance of the evidence. V.A.C.C.P. art. 42.12, sec. 8(c). In those cases, if the probationer fails

to raise the affirmative defense, then the State is no longer required to prove that the probationer had the ability to pay and intentionally failed. *Jones v. State*, 589 S.W.2d 419 (Tex. Cr. App. 1979).

 In the case at bar, revocation was sought on two grounds, and we hold that the State therefore was required to prove that the appellant had the ability to pay *and* that he intentionally failed to pay. *Curtis, supra.*

The State proved ability, but did not prove intent, and we sustain appellant's first ground of error.

Because probation may be revoked upon proof of only one violation of the conditions of probation, appellant's second ground of error is material.

 To prove that the appellant violated the conditions by forging a check on his mother's bank account, signing her name as drawer, the State's burden was to establish that the appellant wrote the check without his mother's authorization and with the intent to defraud or harm her. V.T.C.A. Penal Code sec. 32.21.

Appellant admits that he wrote the $30.00 check on his mother's account and cashed it, on October 13, 1980. The evidence is that he had written and cashed checks on her account on two previous occasions, to which his mother had not objected, and though she learned her son had used her account in that manner, she never instructed him to refrain from doing it again.

Appellant testified that he had repaid his mother for the two prior checks and was willing to repay the October 13 check.

We hold that the evidence is insufficient to prove that the appellant wrote and cashed the October 13 check with the intent to defraud or harm his mother.

The second ground of error is sustained.

Judgment is reversed, and the cause is remanded.

### OPINION ON MOTION FOR REHEARING

The State's motion for rehearing includes an assertion that the State was not required to prove that the non-payment of fees by appellant during probation was intentional.

Much of the State's argument focuses on V.A.C.C.P. Art. 42.12, sec. 8.(c), enacted in 1977. The effect of sec. 8.(c) was to impose upon a probationer the burden to prove that he did not have the financial ability to make the required payments.

By seeming inadvertence, the 1977 amendment enacted two sections numbered as "8.(c)", each classifying a probationer's inability to pay as an affirmative defense. The only apparent difference between the two sections was that the first sec. 8.(c) printed in the amendment stated that it applied to situations in which non-payment of fees was the solo ground for seeking revocation of probation.

The second sec. 8.(c) printed in the amendment applied to situations in which non-payment of fees was not the only ground upon which revocation was sought.

Both of the "8.(c)" sections were in force when the State sought to revoke appellant's probation. Subsequently, the Legislature addressed the matter of two "8.(c)" sections by repealing the second one in 1981. While the two sections did co-exist, however, they were compatible and presented no conflict. They simply made "inability to pay" an affirmative defense which a probationer had to prove by a preponderance of the evidence. *Jones v. State*, 589 S.W.2d 419. (Tex. Cr. App. 1979).

Before the 1977 creation of two "8.(c)" sections, however, the Court of Criminal Appeals held that in order to revoke probation for non-payment of fees, the State was required to prove that the probationer (1) had the ability to pay and (2) the failure to pay was intentional. *Jones, supra.*

Before 1977, these two requirements were not imposed by statute, but were imposed by the Courts on a consistent basis. *Whitehead v. State*, 556 S.W.2d 802 (Tex. Cr. App. 1977); *Curtis v. State*, 548 S.W.2d 57 (Tex. Cr. App. 1977); *Fletcher v. State*, 547 S.W.2d 634 (Tex. Cr. App. 1977); *Herrington v. State*, 534 S.W.2d 331 (Tex. Cr. App. 1976).

Although as noted in *Jones*, the Legislature has *altered* one requirement we have found neither statutory nor case law which *rescinds* either of the two requirements.

The two "8.(c)" sections enacted in 1977 addressed only the element of "ability to pay". The statutory amendments relieved the state of the burden of proving that a probationer had such ability. The burden was shifted to a probationer, requiring him to raise and prove his *inability* to pay.

The 1977 amendments, however, did not even address the long standing requirement that the State must prove that a probationer's failure to pay fees was *intentional.* We conclude that requirement still exists.

In its motion for rehearing, the State relies upon *Jones, supra,* and *Champion v. State,* 590 S.W.2d 495 (Tex. Cr. App. 1979) as authority that it is not necessary to prove intentional failure to pay. However, in neither of those opinions is it clear that the State did not prove intentional non-payment, and neither opinion holds that such proof is no longer required.

In the case at bar, the State offered no evidence that appellant intentionally failed to pay two of the seventeen monthly fees. The ability or inability to pay was never an issue in this case.

The State also argues on motion for rehearing that the trial court was entitled to disregard appellant's testimony as to the circumstances upon which he wrote a $30.00 check on his mother's bank account. We agree.

Aside from appellant's testimony, however, the evidence is undisputed that (1) he had cashed two previous checks on his mother's account with no objection from her and (2) she had never instructed him not to repeat that conduct. We conclude that to *infer* an intent to defraud or harm the mother under these circumstances is an abuse of discretion. There was no further evidence as to intent.

The motion for rehearing is overruled.