Claude Lynn MEDLOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 05-84-00924-CR.

Court of Appeals of Texas,
Dallas.

March 6, 1985.

Rehearing Denied April 4, 1985.

Russ Henrichs, Dallas, for appellant.

Tom Streeter, Asst. Dist. Atty., Dallas,
for appellee.

Before AKIN, MALONEY and
MCCLUNG, JJ.

McCLUNG, Justice.

An order revoking probation was entered against appellant, Claude Lynn Medlock, based on the court's findings that he violated the terms and conditions of his probation by failing to report monthly to the probation officer, failing to pay a probation fee of $15.00 per month, and failing to make monthly restitution payments for court-appointed attorney's fees. Punishment was assessed at five years' confinement in the Texas Department of Corrections. We affirm the trial court's order revoking probation.

In his sole ground of error, appellant contends that the trial court abused its discretion in revoking probation because he raised the affirmative defense of his inability to pay the fees and he showed that he was unable to report due to a lack of transportation. We disagree with appellant's contention.

The current version of TEX. CODE CRIM.PROC.ANN. art. 42.12 § 8(c) (Vernon Supp.1985) provides as follows:

(c) In a probation revocation hearing at which it is alleged *only* that the probationer violated the conditions of probation by failing to pay compensation to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence (emphasis added).

In *Jones v. State*, 589 S.W.2d 419 (Tex. Crim.App.1979), a case decided while two versions of section 8(c) were in effect,[1] the Court of Criminal Appeals held that the inability to pay the enumerated fees is an affirmative defense to be proved by a preponderance of the evidence. However, in 1981 the Legislature repealed the version that did not include the word "only." That action indicates the Legislature's intention to limit the requirement of raising inability to pay as an affirmative defense to cases where failure to pay fees is the sole ground alleged in a motion for revocation. As a result of the repeal, section 8(c) does not address the situation in the case before us where failure to pay fees *plus* other grounds are alleged. We agree with the holding in *Stanfield v. State*, 638 S.W.2d 127 (Tex.App.—Fort Worth 1982, pet. granted) that where an additional ground is alleged, the State must prove the probationer's ability to pay and that his failure to pay was intentional in accordance with the general rule stated in *Curtis v. State*, 548 S.W.2d 57 (Tex.Crim.App.1977). *Stanfield*, 638 S.W.2d at 129. In other words, inability to pay is not an affirmative defense under those circumstances.

A review of the record discloses that the State did not meet its burden of proving appellant's ability to pay fees and that his failure to pay was intentional. However, as discussed in the remainder of this opinion, the State did carry its burden of proving that appellant failed to report to his probation officer. Accordingly, one of the alleged violations was proven and is sufficient to support the order of revocation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App.1979).

The trial court did not abuse its discretion in finding that appellant failed to report to his probation officer. Appellant did not deny his failure to report. His only response to the testimony of his probation officers that he did not report was that he lacked transportation. However, appellant also testified that on one occasion he had walked to the probation office, that if he paid for gas a friend would have taken him to report, and that if his probation was continued he would walk or obtain transportation so that he could report as required. Similar testimony was sufficient to support a finding that the probationer violated the condition of reporting to his probation officer in *Valdez v. State*, 508 S.W.2d 842 (Tex.Crim.App.1974). Accordingly, we find no abuse of discretion.

The order of the trial court revoking probation is affirmed.

1. The 1977 amendments to section 8 added two sections 8(c). The two sections read as follows:
(c) In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence.

(c) In a probation revocation hearing at which it is alleged that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence.