Claude Lynn **MEDLOCK**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 470–85.

Court of Criminal Appeals of Texas, En Banc.

Oct. 22, 1986.

Russ Henrichs, Dallas, for appellant.

Henry Wade, Dist. Atty., and Tom Streeter, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty. and Alfred Walker, First Asst. State's Atty., Austin, for the State.

### OPINION ON STATE'S MOTION FOR REHEARING

PER CURIAM.

This is a probation revocation case involving *inter alia* the construction given Article 42.12, § 8(c), V.A.C.C.P., in *Stanfield v. State*, 638 S.W.2d 127 (Tex.App.—Fort Worth 1982) PDR granted, which the Dallas Court of Appeals followed in this cause. *Medlock v. State*, 688 S.W.2d 664 (Tex.App.—Dallas 1985).

Our opinion on original submission is withdrawn. This Court has reconsidered its prior decision in *Stanfield v. State*, delivered May 7, 1986, and has now concluded that § 8(c) is applicable though there are allegations that one or more other conditions of probation were violated. See *Stanfield v. State*, —— S.W.2d —— (Tex. Cr.App. No. 755-82, delivered October 22, 1986). Therefore, we disapprove the finding below that "section 8(c) does not address the situation in the case before us where failure to pay fees *plus* other grounds are alleged. *Medlock*, supra, at 665.

Accordingly, the State's motion for rehearing is granted and, since the Dallas Court of Appeals affirmed the order revoking probation for violation of another condition of probation, we affirm its judgment.

W.C. DAVIS, TEAGUE and MILLER, JJ., dissent for reasons stated in the dissenting opinion in *Stanfield v. State*, supra.