C.L. WASHINGTON, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00706–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 7, 1987.

Linda G. Cryer, Houston, for appellant.

William J. Delmore, III, Houston, for appellee.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

OPINION

SAM BASS, Justice.

This is an appeal from the trial court's order revoking appellant's probation and sentencing him to seven years confinement for forgery.

Appellant was placed on probation on September 13, 1984. The terms of his probation required that he pay a $15 supervi-

sory fee each month, beginning October 13, 1984; that he pay a $2,000 fine and $41 in court costs in monthly installments of $25, beginning November 13, 1984; and that he pay the "Crime Stoppers" program $5 per month for the entire period of probation beginning October 13, 1984.

On February 4, 1985, a motion to revoke probation was filed alleging that appellant violated the terms and conditions of his probation by: (1) committing the offense of forgery on December 28, 1984, and on January 3, 1985; (2) failing to pay his probation supervisory fee during October and November 1984, and January 1985; (3) failing to make the required installment payments on his fine; and (4) failing to pay "restitution" to Crime Stoppers.

Appellant entered a plea of "not true" to the allegations, and a hearing on the motion was held on March 29, 1985. Although the motion to revoke probation twice stated that appellant forged "the writing duplicated below," no writings were duplicated. Appellant requested that the trial court dismiss these counts, but the court recessed the hearing to allow the State to amend the motion.

An amended motion to revoke probation was filed on April 10, 1985, and the hearing resumed on April 19, 1985. When the hearing resumed, the State did not attempt to prove the forgery allegations, but attempted to adduce proof of appellant's failure to make the required payments. At the conclusion of the hearing, the trial court found that appellant violated the terms of his probation by failing to make the required payments for his supervisory fee, fine, and "restitution" to Crime Stoppers.

■ Appellant's first of two points of error contends that the trial court committed reversible error by allowing the State to amend its "fundamentally defective" motion to revoke probation after taking evidence at the first revocation hearing.

Tex.Code Crim.P.Ann. art. 42.12, sec. 8(a) (Vernon Supp.1987) states in pertinent part:

In a felony case, the State may amend the motion to revoke probation any time up to seven days before the date of the revocation hearing, after which time the motion may not be amended except for good cause shown, and in no event may the State amend the motion after the commencement of taking evidence at the hearing.

The rationale for the rule prohibiting the amendment of a motion after the taking of evidence is to prevent the State from adding new or different grounds for revocation as a result of evidence adduced at the hearing on that particular motion. *Johnson v. State*, 633 S.W.2d 687 (Tex.App.—Amarillo 1982, pet. ref'd).

Despite the "in no event" language of the statute, appellate courts have allowed a harmless error exception to the no amendment rule. In *O'Hara v. State*, 626 S.W.2d 32 (Tex.Crim.App.1981), the court held that the trial court's allowing the State's amendment of a typographical error after the commencement of the taking of evidence was harmless error. In *Martinez v. State*, 635 S.W.2d 762 (Tex.App.—Corpus Christi 1982, no pet.), the court held that the trial court's amendment of the motion to revoke by substituting the word "shotgun" for the word "handgun" was harmless error.

The harmless error rule applies here. First, the State could have dismissed the motion and subsequently filed a second motion to revoke probation. *Johnson v. State*, 633 S.W.2d at 689. Here, the State asked for a continuance to amend the motion, and the hearing was continued for 20 days. Secondly, no evidence as to the forgery count was presented at the second hearing. The effect on the appellant was the equivalent of a dismissal of the forgery counts.

■ Although no evidence of the forgery counts was offered by the State, the trial court included in its order a recital that appellant had violated the terms of his probation by committing two offenses of forgery. It was error for the court to include this finding in its order as a basis for revoking appellant's probation. The judgment is reformed to show a dismissal of the forgery counts of the State's motion to revoke probation.

Except to the extent noted, the first point of error is overruled.

Appellant's second point of error contends that the trial court committed reversible error in revoking appellant's probation because the State failed to prove that the appellant had the ability to pay his fines and fees and that his failure to pay was intentional.

Tex.Code Crim.P.Ann. art. 42.12, sec. 8(c) (Vernon Supp.1987) states:

In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence.

■ Appellant contends that the probationer's inability to pay is an affirmative defense that the probationer must raise and prove by a preponderance of the evidence only where the non-payment of fees is the only ground upon which revocation is sought. Appellant further asserts that where, as here, an additional ground is alleged, the inability to pay is not an affirmative defense, and the State must prove that the probationer had the ability to pay and that his failure to pay was intentional.

Appellant relies upon the lower court holding in *Medlock v. State*, 688 S.W.2d 664 (Tex.App.—Dallas 1985). Such reliance is misplaced. In *Medlock*, the Dallas court affirmed the revocation of probation, but held that article 42.12, section 8(c) did not apply where failure to pay fees and other grounds were alleged. The Court of Criminal Appeals affirmed the revocation of probation, but expressly disapproved the language in the opinion that "section 8(c) does not address the situation in the case before us where [the] failure to pay fees *plus* other grounds are alleged." *Medlock v. State*, 718 S.W.2d 285 (Tex.Crim.App.1986).

In *Stanfield v. State*, 718 S.W.2d 734 (Tex.Crim.App.1986), the court concluded that when failure to pay probation fees and court costs is an issue in a revocation hearing, section 8(c) is applicable regardless of whether a violation of another condition of probation is alleged. Inability to pay is, therefore, an affirmative defense in a probation revocation hearing, regardless of whether other violations of conditions of probation are alleged. Appellant failed to raise inability to pay as an affirmative defense.

■ The State still has the burden of proving that an alleged failure to pay fees or costs was intentional. *Stanfield v. State*, 718 S.W.2d at 738. The *Stanfield* court noted that:

It is axiomatic that facts and circumstances attending a given act or omission may reveal intent. One who has the ability to pay that which he is required to pay but does not, without more, leaves a factfinder with a strong inference that his failure is intentional.

*Id.* Here, the appellant was employed by the State Highway Department and had the financial ability to make his monthly payments. The appellant failed to pay even his $15 supervisory fee in October and November 1984. Appellant had signed a document acknowledging his awareness of these obligations. The evidence was sufficient to show an intentional failure to pay.

The second point of error is overruled.

The judgment of the trial court is reformed to show a dismissal of the forgery counts of the State's motion to revoke, and, as reformed, the judgment is affirmed.