IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-132-CR





RICHARD GADOUAS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY 



NO. 19,561, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING



 




 Richard Gadouas pleaded guilty to the misdemeanor offense of Driving While
Intoxicated (DWI) on August 24, 1989, and received a sentence of 120 days' confinement,
probated for twenty-four months, and a $400 fine. As one condition of his probation, Gadouas
was required to pay a thirty dollar per month probation supervision fee.

 On September 13, 1990, the State filed a motion to revoke probation, alleging as
grounds for revocation a subsequent DWI offense, failure to abstain from intoxicating liquor, and
failure to pay supervision fees. Tex. Code Crim. Proc. Ann. art. 42.12, § 24 (Supp. 1992). 
Gadouas pleaded "not true" to all allegations.

 After hearing the evidence, the trial court found Gadouas had violated the
conditions of his probation by failing to pay his supervision fees. The court revoked Gadouas's
probation and sentenced him to 120 days' confinement in the Caldwell County Jail.

 Gadouas appeals the probation revocation, complaining in a single point of error
that (1) the trial court abused its discretion by revoking his probation for failure to pay probation
supervision fees where other violations of his probation were alleged; (2) the evidence was
insufficient to prove his ability to pay; and (3) the evidence was insufficient to prove his failure
to pay was intentional.

 Gadouas's complaint is multifarious in that he combines more than one contention
under his single point of error. By doing so he runs the risk of waiving all error presented
therein. See, e.g., Sterling v. State, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990), cert. denied,
111 S.Ct. 2816 (1991). In the interest of justice, however, we will exercise our discretion to
review the substance of the complaints. See id.

 Historically, in order to revoke probation for nonpayment of probation supervision
fees, the State was required to prove that the probationer was able to make the payments and that
the failure to make them was intentional. Jones v. State, 589 S.W.2d 419, 420 (Tex. Crim. App.
1979). In 1977, the legislature modified the rule to make the probationer's inability to pay an
affirmative defense that the probationer must raise and prove by a preponderance of the evidence. 
Id.; 1977 Tex. Gen. Laws, ch. 342, § 2, at 909, and ch. 388, § 2, at 1058 (Tex. Code Crim.
Proc. Ann. art. 42.12, § 8(c), since amended).

 Appellant contends that if failure to pay is the only violation alleged, the
probationer must assert and prove his inability to pay as an affirmative defense. If failure to pay
is only one of several violations alleged, however, he asserts the State retains the burden to prove
the probationer was able to pay. Relying on the court of appeals' decision in Stanfield v. State,
638 S.W.2d 127 (Tex. App. 1982), rev'd, 718 S.W.2d 734 (Tex. Crim. App. 1986), wherein the
intermediate court held that inability to pay is an affirmative defense only if it is the sole ground
alleged for revocation of probation, Gadouas argues that the burden to prove his ability to pay
remained on the State because it had alleged violations in addition to his failure to pay supervision
fees. He contends that the trial court abused its discretion by revoking probation because the State
never proved his ability to pay by a preponderance of the evidence.

 Gadouas's reliance is misplaced. As pointed out by the State, the court of appeals'
decision in Stanfield was reversed. Stanfield, 718 S.W.2d at 734. In a probation revocation case
in which failure to pay was one of several violations alleged, the Court of Criminal Appeals held
that inability to pay "is an affirmative defense for a probationer to raise and to prove by a
preponderance of the evidence," regardless of the number of violations alleged. Stanfield, 718
S.W.2d at 737.

 Gadouas concedes that his case is indistinguishable from Stanfield and that his
argument is thus governed by that decision. The State proved appellant's failure to pay as alleged;
Gadouas did not raise the affirmative defense of inability to pay or present any evidence that he
was unable to pay. Thus, Gadouas's first and second arguments have no merit.

 Next, Gadouas complains that the evidence was insufficient to prove that his failure
to pay supervision fees was intentional. The burden of proof regarding intentional nonpayment
remains on the State. Stanfield, 718 S.W.2d at 738. A preponderance-of-the-evidence standard
is applied and it is met when the greater weight of credible evidence before the court creates a
reasonable belief that a condition of probation has been violated as alleged. Martin v. State, 623
S.W.2d 391, 393 n.5 (Tex. Crim. App. 1981).

 Ability to pay is a factor relevant to intent. When the State proves failure to pay
and inability is not raised as an affirmative defense, the State has discharged its burden with little
difficulty. Proof that one is able to pay but does not do so infers intentional nonpayment.
Stanfield, 718 S.W.2d at 738.

 The State presented evidence that Gadouas was employed, that he knew and
understood the condition of his probation requiring him to pay a monthly supervision fee, that he
made some payments, and that he promised to pay more but that he failed to do so. We conclude
there is sufficient evidence for the trial court to infer that Gadouas's failure to pay his probation
supervision fees was intentional.

 We overrule Gadouas's first point of error. Finding no error, we affirm the
judgment of the trial court.


 

 Marilyn Aboussie, Justice

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Affirmed

Filed: May 13, 1992

[Do Not Publish]