

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-25-00080-CR

ENRIQUE AKIL DIAZ, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 23-0311X

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

## MEMORANDUM OPINION

Enrique Akil Diaz pled guilty to possession of a controlled substance in an amount of one gram or more but less than four grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (Supp.). The trial court placed Diaz on community supervision for five years. The State filed a motion to revoke that alleged that Diaz violated several terms of his community supervision, including that he (1) failed to report a contact with law enforcement, (2) consumed alcohol, and (3) failed to complete required community service. After a contested hearing, the trial court revoked Diaz's community supervision and sentenced him to five years' imprisonment. On appeal, Diaz challenges the sufficiency of the evidence supporting all grounds for revocation. We affirm the trial court's judgment.

## I. Background Facts

Diaz pled guilty to possession of a controlled substance in an amount of one gram or more but less than four grams, and the trial court assessed five years' community supervision. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(c). The State filed a motion to revoke that alleged that Diaz violated the terms and conditions of his community supervision, including that he (1) failed to report a contact with law enforcement, (2) consumed alcohol, and (3) failed to complete required community service.[1] Diaz pled not true to all the allegations.

At the revocation hearing, Sergeant Callahan Malone, with the Panola County Sheriff's Office, testified that he arrested Diaz for public intoxication in Panola County after Diaz

---

[1] The State filed four amended motions to revoke. The State abandoned all allegations but these three grounds.

appeared "out of it." Diaz pled guilty to public intoxication, and the State admitted the judgment.

After his release from custody, Diaz called Community Supervision Officer Stan Boyd, with the Harrison County Community Supervision and Corrections Department, and said that he was trying to get his car out of impound. However, Boyd stated that Diaz did not mention any contact with law enforcement.

Diaz essentially argues that Boyd should have inferred from an impoundment that Diaz had contact with law enforcement.

The trial court found all the allegations true, revoked Diaz's community supervision, and sentenced him to five years' imprisonment.

## II.     Evidence Was Sufficient to Support Revocation

In the first point of error, Diaz argues that the State failed to prove by a preponderance of the evidence that he violated any condition of his community supervision.

### A.     Standard of Review and Applicable Law

A trial court's decision to revoke community supervision is reviewed for an abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013). "[A]buse of discretion" occurs "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992). "Proof of a single violation of community supervision is sufficient to support a trial court's decision to revoke community supervision . . . ." *Olabode v. State*, 575

S.W.3d 878, 880–81 (Tex. App.—Dallas 2019, pet. ref'd) (citations omitted) (citing *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980)).

"The burden of proof at a probation revocation hearing is by a preponderance of the evidence." *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Hacker*, 389 S.W.3d at 865 (quoting *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)). In a community supervision revocation proceeding, the trial court is the trier of fact and "the sole judge of the credibility of the witnesses and the weight to be given to their testimony." *Id.*

## B.     Failure to Report Contact with Law Enforcement

Diaz does not dispute either his conviction for public intoxication or Malone's testimony that he appeared intoxicated; both show that Diaz had contact with law enforcement while on community supervision. *See Kelley v. State*, 529 S.W.2d 554, 555 (Tex. Crim. App. 1975) (requiring testimony at a revocation hearing about intoxication). Instead, Diaz argues that the State presented insufficient evidence to prove each allegation. Diaz relies on *Herrington v. State*, 534 S.W.2d 331 (Tex. Crim. App. 1976). In *Herrington*, the Texas Court of Criminal Appeals held that the trial court abused its discretion because the State only presented a "bare conclusory statement" that the defendant failed to report. *Id.* at 334. The court went on to hold that the State's conclusory statement "in the absence of further facts concerning such failure

[was] too vague, indefinite and ambiguous to reflect that appellant failed to report." *Id.* at 334–35.

Here, unlike *Herrington*, the record provides specific details regarding the circumstances that demonstrate Diaz failed to report his contact with law enforcement. *See id.* Boyd described a particular telephone call where Diaz did not report his arrest or any contact with law enforcement. *See id.* Boyd stated that he never received any such notification from Diaz at any point.

Diaz further contends that because his testimony conflicted with Boyd's testimony regarding whether he notified Boyd of his arrest, the State failed to present sufficient proof. Even though Diaz challenged Boyd's recollection and stated that he reported the arrest to Boyd, the trial court was able to assess the credibility of both witnesses and determine whether Diaz told Boyd about the arrest. As the fact-finder, the trial court resolved any credibility issues and was free to disbelieve Diaz's self-serving testimony. *See Balderas v. State*, 517 S.W.3d 756, 766 (Tex. Crim. App. 2016) ("When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that determination."); *Hacker*, 389 S.W.3d at 865 ("[T]he trial judge is the sole judge of the credibility of the witnesses and the weight to be given to their testimony."). We defer to the trial court's fact-finding. *See Balderas*, 517 S.W.3d at 766.[2]

---

[2]While we find sufficient evidentiary support for the trial court's finding of a violation of the terms of community supervision for failure to report a contact with law enforcement, we do not count impoundment among the evidence supporting that finding. Impoundment may occur in circumstances that do not concern personal contact with law enforcement, such as when a vehicle is stolen, illegally parked, abandoned, wrecked, or blocking traffic. *See Benavides v. State*, 600 S.W.2d 809, 811 (Tex. Crim. App. [Panel Op.] 1980). Even if the trial court believed that

Because the evidence was legally sufficient to support the finding of true, and because proof of a single ground will support revocation, it is unnecessary to address the remaining grounds. *See Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

The trial court did not abuse its discretion in revoking Diaz's community supervision. We overrule Diaz's sole issue.

## III.     Conclusion

We affirm the trial court's judgment.

Jeff Rambin
Justice

Date Submitted:     September 2, 2025
Date Decided:       December 12, 2025

Do Not Publish

---

Diaz was using the word "impound" as a term of art to indicate a seizure of his vehicle by law enforcement, that term did not necessarily inform Boyd that Diaz had personal contact with law enforcement.