**Benny Lee DECKARD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–84–009–CR.**

Court of Appeals of Texas, Waco.

Sept. 13, 1984.

Whitney E. Fanning, Waco, for appellant.

Vic Feazell, Criminal Dist. Atty., Kenneth R. Bennett, Asst. Crim. Dist. Atty., Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by appellant Deckard from an order revoking his probation and sentencing him to 3 years in the state penitentiary, and a $1,000 fine.

On June 23, 1983, appellant was convicted on guilty plea for theft, and assessed 3 years in the state penitentiary and a $1,000 fine, and was placed on probation. The terms of his probation included a requirement that he report to the McLennan County Adult Probation Officer immediately and thereafter as he shall direct, but at least once each thirty (30) days; and a requirement that he commit no offense against the laws of Texas.

On October 25, 1983 (amended December 13, 1983), the State filed motion to revoke appellant's probation on 6 grounds including that he failed to report to the Adult Probation Officer as directed, but at least once each 30 days between July 26, 1983, and October 21, 1983; and that he had committed an offense against the laws of the State of Texas.

After hearing the trial court revoked appellant's probation and sentenced him to 3 years confinement and a $1,000 fine.

Appellant appeals on 1 ground of error: "The trial court abused its discretion in revoking probation since there was insufficient evidence in the record to support a finding that the appellant failed to report as directed between July 27, 1983, and October 21, 1983."

To reverse a trial court's revocation of probation a clear abuse of discretion must be shown. *Flournoy v. State*, Tex.Crim.App., 589 S.W.2d 705. The burden of proof is by a preponderance of the evidence. *Kulhanek v. State*, Tex.Crim.App., 587 S.W.2d 424. The trial court is the sole trier of facts, witness credibility and weight to be given testimony. *Battle v. State*, Tex.Crim.App., 571 S.W.2d 20.

In this case the probation officer testified appellant reported July 26, 1983; and that appellant did not report in August, September or October, 1983. Appellant was arrested in Burnet County in October for passing a forged prescription.

Appellant testified he reported in August but admitted he did not report in September; and further testified he plead guilty in Burnet County to a criminal offense.

The trial court did not abuse its discretion in revoking appellant's probation.

Appellant's ground of error is overruled.

AFFIRMED.