**Jose ARANDA, Appellant,**

v.

**The STATE of Texas, State.**

**Nos. 2–84–211–CR, 2–84–218–CR and 2–84–219–CR.**

Court of Appeals of Texas,
Fort Worth.

Feb. 6, 1985.

Dennis Cadra, Odessa, for appellant.

Barry E. Blackwell, Dist. Atty., Dumas, for the State.

Before FENDER, C.J., and ASHWORTH and JOE SPURLOCK, II.

## OPINION

JOE SPURLOCK, II, Justice.

Appellant, Jose Aranda, pled guilty to three offenses which had occurred on the same day. He was found guilty by the District Court of Moore County in January of 1981, and was placed on probation for each of the offenses. Subsequently his probation was revoked in each of the cases. His sole ground on appeal is that the trial court abused its discretion in revoking his probations.

We agree and reverse the convictions and remand the case to the District Court for continuation of appellant's probation.

The three cases and the offenses for which Aranda was convicted in Moore County were as follows: No. 1821 (our 2–84–219–CR) aggravated assault upon a police officer, upon revocation of probation assessed five years confinement in the penitentiary and a $1,000 fine; No. 1817 (our 2–84–218–CR) robbery, upon revocation of probation assessed punishment of seven years confinement in the penitentiary and a $1,000 fine; and No. 1822 (our 2–84–211–CR) unlawfully carrying a weapon on a licensed premises, upon revocation of probation assessed punishment at confinement in the penitentiary for four years and a $1,000 fine. In order to discuss the issue of the court's abuse of discretion in revoking the probation in each of the cases, it is necessary we review the circumstances surrounding the period of probation and the testimony given at the revocation hearing.

Upon his plea of guilty in January, 1981, appellant was found guilty in all three cases by the Court, placed upon probation, ordered by the court to make written reports to his probation officer in Moore County each month, and to pay the court costs and fine assessed against him. In cause No. 1817, he was ordered to pay court costs of $72, a probation supervision fee of $1,800, a fine of $1,000, for a total of $2,872 to be paid to the State of Texas in 99

payments at $29 per month. In cause No. 1821, his court costs were set at $72 and probation supervision fee of $1,800, a fine of $1,000 "probated" for a total of $1,872 to be paid in 98 payments at $18 per month. In cause No. 1822, his court costs were set at $72, probation supervision fee of $1,800 and a fine of $1,000 "probated" for a total to be paid of $1,872 to be paid in 98 payments at $19 per month. The total of his monthly payments were therefore to be $66 per month for at least 98 months with a minimal balance to be paid in the 99th month. He began his payments on the 15th day of February 1981.

The testimony at trial on the probation revocation hearing showed that he made each and every one of such payments as they became due, in full, by mail, except for a contested payment that he testified he made, but the probation officer testified was never received for the month of April 1983. The testimony further revealed that the payments for the month of May and the month of June 1983 were made by appellant even though he was in jail during those two months awaiting trial upon the revocation hearing.

At the revocation hearing the testimony showed appellant was a resident of Kansas, was transferred to the supervision of that state and accepted by Kansas in April of 1981 under provisions providing for courtesy supervision. At trial the testimony of the probation officer was that appellant did not report to the Moore County probation officer beginning in May of 1981 and had not reported during the period of time from that occasion until the time of the probation revocation hearing, except for one month during such time. At issue in this case is whether or not the missing of a single payment during the period of time that a probationer is on probation is sufficient to revoke such probation when the probationer insists he made the payment and there is no other evidence of his inability or unwillingness to have made the payment. At issue further is the question of whether or not his failure to report in writing upon forms furnished by the proba-

tion office, which he admits he did not make, is sufficient to revoke his probation when in fact he did make a report each month to the office by mailing in his payments to that office and did comply with the probation requirements of the State of Kansas by reporting to them each month as he was directed by them.

The testimony showed that appellant first came to the attention of the probation department on May 24, 1983 when he was arrested with a companion on a road near Amarillo, Texas. Appellant's testimony was that he was in route from his home in Kansas to Amarillo to pick up a brother, having picked up a friend at the friend's home in Dumas, Texas. While in route they had stopped alongside the highway to answer a call of nature and while relieving themselves were arrested by police officers. There was originally an allegation that marihuana was found in the vehicle, which appellant was driving on that occasion. The original report made by the probation officer to the court as a report of probation violation filed on May 24th alleged an offense of possession of marihuana only and was filed in each of the three cases 1821, 1817 and 1822. That same day the court ordered the arrest of the appellant based upon that report of probation violation.

On the 3rd of June, appellant, through counsel, made a motion for bail in each of the three cases, which was denied, not by formal order, but by notation on the docket sheet. However, on June 6th, the probation officer who had made the report of probation violation filed a motion to set aside the order for arrest and for the court to disregard the report of probation violation in causes 1821 and 1817 only. On June 8th the court granted the motion, set aside the order for arrest and ordered that appellant be reinstated on his probation in causes 1817 and 1821. The probation officer had also filed on June 6th a formal motion to revoke probation in cause 1822, alleging therein the marihuana complaint plus three counts of violation of the requirements to pay or report. Those three separate counts (which could have applied then to all three

cases) included the one specific failure to make a payment in April of 1983 and the failure to report from May 1981 up until and including the period of time in May 1983. Another count was a failure to make a sworn affidavit concerning the failure to make the payment of April 1983. On July 1st, the court ordered that a hearing be held on the motion to revoke probation in cause 1822.

The probation revocation hearing was held on the 14th day of July. At that time the court heard evidence concerning the probation violations and the testimony of the appellant. The court thereafter entered its judgment revoking the probation and sentencing the appellant to four years confinement in the Texas Department of Corrections and a $1,000 fine. The court made findings of probation violation only upon the counts alleging failure to report and pay. The court found that there was no violation of the law as there was no marihuana violation evidence. Meanwhile, on the 8th day of July the probation officer filed a second sworn report of probation violation in cause 1821 also including the marihuana count (after having filed a motion to disregard the same on June 6th) and the three counts of failure to pay and report, the same as in cause 1822. The court, on the 14th of July (the same date as the hearing in cause 1822), issued an order for the arrest of the appellant for such violations in cause 1821. Thereafter on the 27th day of July a motion to revoke probation was filed (without including the marihuana complaint) in both causes 1821 and 1817.

A trial was held upon those two motions to revoke probation, neither of which included the marihuana complaint, on August 19th. On that date the court again concluded that appellant had violated his probation in the same particulars as it had found in cause 1822. The trial was upon stipulated evidence which had been taken in cause 1822. The court then assessed in cause 1817, seven years imprisonment and a $1,000 fine, and in cause 1821, five years imprisonment and a $1,000 fine. At that time appellant had been in jail for 93 days.

On the 9th day of September, on the 114th day of jail for appellant, an appeal bond was filed in each of the three causes and approved by the court.

The evidence at trial showed that appellant was a resident of Kansas and was employed at a beef plant. He had been working there in excess of 12 years beginning in 1971 up until the time of the arrest for probation violation on May 24, 1983 and was then earning $7.65 an hour. He was supporting his mother, four children and his wife, who also worked at the same beef plant. There was no testimony offered by the State tending to show that appellant willfully failed or refused to hold employment, support his dependents, or that he willfully failed or refused to make any payments he was ordered to make by his probation orders. The only evidence that the State offered was the testimony of a probation officer who upon reviewing the records of the probation office of Moore County stated that he found no record of a payment being received in April of 1983. The officer testified that, according to the records, every other payment had been made.

The appellant testified that he made the April 1983 payment the same as he made all other payments; that he did so by the purchase of a money order from a Safeway store; that he had sent those money orders regularly each time they were due to the probation office in Moore County, Texas; and in fact had made two more payments since the time that he was arrested and placed in jail for probation violation. He testified he had no receipt or cancelled check to show that he made any payment but that he had done so regularly every month. He did not testify as to any excuse for failing to make the April payment.

In regards to the failing to report in writing to the probation office in Dumas, appellant testified that when he was in Texas he reported to Dumas because they told him he had to, but that when he moved to Kansas no one told him to make the reports in writing. He testified if they told him so he would have done so. Compound-ing the difficulty in this case is the uncontested fact that appellant does not speak or write English. In both the original trial in January of 1981 and at each of the two separate probation revocation hearings in 1983 the court appointed a court interpreter to interpret the proceedings and the questioning and answers of the appellant for the appellant and the court. The appellant testified that he did report to the probation officer in Kansas every time that he was required to, which included at first going every month and thereafter every two months.

The Texas probation officer testified that his office had never been contacted by Kansas concerning any delinquency or crimes or failure to comply with probation on behalf of the appellant. The probation officer further testified that ordinarily the probation officer assigned to the case in Texas should contact the people in Kansas but there was no notation in the file that this had been done. Further, the original Texas probation case officer was no longer employed by the Moore County probation department and was not available to testify at trial. The officer testifying further testified that it was customary that progress reports would not be sent on a probationer unless it was requested or unless there was a violation or something occurring in the courtesy state. Generally the progress report would be required if the Texas office had found problems in a probationer reporting or paying. Except for the April 1983 payment, of which they had no record, every other payment had in fact been made up to and including the payments for May and June of 1983.

He further testified that when a probationer was on courtesy supervision usually a letter would be sent if the allegations were for failure to make a written report and that the probation office or department in the courtesy state would be contacted either by phone or mail and it would be up to that state to make contact with the probationer. But, in this case, there had been no such notation that Kansas had been notified or that Kansas had reported

that the probationer had done anything wrong.

■■■ This court is cognizant of the fact that the trial court as a trier of fact is the sole judge of the credibility of witnesses and the weight to be given their testimony and may accept or reject all or any part of any witness' testimony. *Hernandez v. State*, 538 S.W.2d 127, 131 (Tex.Crim.App. 1976). Further, we are not unmindful of the fact that appellate review of an order revoking probation is limited to the issue of whether the court abused its discretion. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex. Crim.App.1981), *appeal dismissed*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981). Further, the standard of proof in such a proceeding is proof by a preponderance of the evidence. *Martin v. State*, 623 S.W.2d 391, 393 (Tex.Crim.App.1981). The trial court as the sole judge of the credibility of the witness was entitled to disbelieve appellant's versions. *Rumbaugh v. State*, 629 S.W.2d 747, 751 (Tex.Crim.App.1982).

The issue in this case is not simply testing whether the evidence was sufficient or whether there was a preponderance of the evidence against the appellant. Nor is the issue whether or not the probation officer was believable. The issue in this case is whether or not, under all of the circumstances, the trial court abused its discretion in revoking the probation which that same court had placed the appellant on over two years prior to the time of revocation. At issue here is the question of what should be done with a man who neither reads nor speaks the English language, who, after being lawfully transferred to supervision in another state, for over two years dutifully reported to that state's probation office and was never once counseled, reminded, or even contacted by anyone in the Moore County probation office and told to mail the reports in to them also. Yet, during the entire period of that two years he mailed in regularly every month, the required payment due in each of the three cases for which he was on probation. Further, although the probation officer testified his office had no report of a payment

being received during the month of April 1983, the gravaman of the offense charge would be willful failure to make such a payment. There was no evidence at trial of any such willful failure of the appellant to make the probation payment. *See Curtis v. State*, 548 S.W.2d 57, 58 (Tex.Crim.App. 1977) and cases cited therein.

■■■ We find that the evidence is insufficient for the trial court to have concluded that Aranda failed to make the April 1983 payment and further that even had he failed to make such payment, we find there is no evidence that such failure was willful. Accordingly, we hold that the trial court abused its discretion in holding that there was a failure, or that such failure, if any, was a violation of the terms and conditions of his probation. In this connection we further find, inasmuch as the testimony is clear that Aranda made each and every other one of the required payments monthly of the probation fee, that the court abused its discretion in finding that he failed to file a sworn statement as required in paragraph 13 of the probation judgment. That finding related to filing a sworn statement with the court for any month in which he was financially unable to make a payment. We find there was no evidence that he was ever financially unable to make such a payment. There was no evidence that Aranda violated paragraph 13 of the probation order.

■■■ We further find that the court abused its discretion in holding that Aranda violated paragraph 18 of the probation order when the court found he failed to report as required to Moore County, Texas after being transferred to courtesy supervision in the State of Kansas. The allegation that Aranda did not report was not challenged. He did not report in writing as required by the order. The issue raised is whether or not Aranda should be held accountable for failure to report under the circumstances. We hold that when the following circumstances occurred: 1) the Moore County probation office continued to receive monthly by mail the required payments on the probation fee sent in by Aran-

da; 2) they approved the transfer of his probation for courtesy supervision to Kansas; 3) they never contacted either the probationer himself, nor the Kansas office inquiring about such reports and/or the absence of the same; 4) and never did exercise any kind of supervisory probation efforts in this matter, that it was an abuse of the court's discretion to find that appellant had violated the terms and conditions of his probation order. The evidence is uncontroverted that he was in fact complying with the requirements of the supervisory office of Kansas to which he had been assigned, and there is not sufficient evidence, if any, to support any of the allegations that appellant willfully violated the reporting conditions of his probation.

The judgment of the court is reversed and the cause is remanded to the 69th District Court of Moore County with instructions that appellant is to be continued upon his probation.