Roberts-JM v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-108-CR
&
No. 10-94-109-CR

     JEFFREY MARK ROBERTS,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 363rd District Court
Dallas County, Texas
Trial Court Nos. F93-34461-HW & F93-34462-HW
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      Appellant attempts to appeal from a plea bargain in two cases. In both cases, the punishment
assessed did not exceed that recommended by the prosecution and agreed to by Appellant and his
attorney. The Rules of Appellate procedure require that, to pursue an appeal under such
circumstances, the Appellant must state in his notice of appeal that he obtained the court's
permission to appeal or that he is appealing those matters raised by written motion filed prior to
trial. See Tex. R. App. P. 40(b)(1).
      Appellant's general notice of appeal is insufficient to confer jurisdiction on this court. See
Lyon v. State, 872 S.W.2d 732 (Tex. Crim. App. 1994); Davis v. State, 870 S.W.2d 43 (Tex.
Crim. App. 1994).
      The appeal is dismissed for want of jurisdiction.
,                                                                              PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed
Opinion delivered and filed September 14, 1994
Do not publish



60;                  

      David Earl Pierce pleaded guilty to sexual assault. In accordance with a plea agreement, the
court sentenced Pierce to five years’ imprisonment, suspended imposition of sentence, and placed
him on community supervision for five years. The court revoked Pierce’s community supervision
four years later and imposed the original sentence. Pierce presents three issues in which he
contends that the court abused its discretion in revoking his community supervision because: (1)
the State failed to provide sufficient evidence that he failed to report as ordered because the
community supervision order required that he report “at least once each 30 days” but his
community supervision officer required him to report twice per month; (2) the court relied on
unlawfully-seized evidence in finding that he had violated one of the conditions of his community
supervision; and (3) his possession of pornographic materials did not suffice to establish that he
had violated the condition of his community supervision which prohibited him from possessing
materials which his community supervision officer had “identified as items [he] might use for the
purpose of his/her deviant sexual arousal.”
FAILURE TO REPORT
      Pierce contends in his first issue that the State failed to present sufficient evidence to show that
he failed to report “as ordered” because the court required him to report only once per month and
his community supervision officer had no authority to require him to do so more frequently. He
avers that he reported at least once per month during the three months at issue.
Pertinent Facts
      Pierce’s community supervision order required him to “[r]eport to the McLennan County
Adult Probation Officer immediately and thereafter as he shall direct, but at least once each 30
days.” The State’s revocation motion alleges in part that Pierce violated this condition by failing
to report as ordered in March 1997, May 1997, and August, 1997.
      At a hearing on the revocation motion, Pierce’s supervision officer Amy Hand testified that
she explained the terms and conditions of his community supervision to him at the beginning and
that, based on conversations she had with him on that occasion and throughout the period of
supervision, she believed that he understood the terms and conditions.


 Because he was on the
sex-offender caseload, Hand required him to report twice per month. Pierce’s MHMR case
manager accompanied him for one appointment each month, and he reported by himself for the
other.
      In March 1997, the MHMR office called Hand on the date of Pierce’s first appointment for
the month to say that Pierce’s case manager was ill. Pierce did not report on that date. He
reported alone for his second appointment that month. In May, Pierce failed to make his first
appointment for the month on the 7th. He reported on May 20. Hand gave him a reminder slip
and directed him to return for his next appointment on the 22nd. He did not appear on the 22nd
and later told Hand that he had failed to do so because “he was just too tired to come that day.”
      In August 1997, Pierce failed to report at all. Toward the end of the month, his case manager
called Hand to inform her that Pierce had had a cancerous lesion removed earlier that month and
that he would be staying with his mother in Dallas for a period of time to recuperate. Hand asked
the case manager to provide documentation, which was never done.
      The court found that Pierce failed to report as alleged.
Pertinent Authorities
      Pierce relies on a series of 1970's Court of Criminal Appeals decisions to support his
argument.


 These decisions seem to rely primarily on the former article 42.12, section 5, which
provided that “[o]nly” the trial court had the authority to “fix or alter conditions [of probation].” 
See, e.g., DeLeon v. State, 466 S.W.2d 573, 574 (Tex. Crim. App. 1971) (citing Code of
Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 42.12, § 5, 1965 Tex. Gen. Laws 317,
491); McDonald v. State, 442 S.W.2d 386, 387 (Tex. Crim. App. 1969) (same) The current
statute reads in a similar fashion. See Tex. Code Crim. Proc. Ann. art. 42.12, § 10(a) (Vernon
Supp. 2002).
      Although the current statute regarding the court’s sole authority to impose conditions of
community supervision is essentially the same as it was twenty-five years ago, the statute
establishing permissible conditions of community supervision has changed. Section 6 dictated the
permissible conditions of probation in the 1970's. Section 6(d) provided that a trial court could
require a defendant to “[r]eport to the probation officer as directed.” See Code of Criminal
Procedure, 59th Leg., R.S., ch. 722, § 1, art. 42.12, § 6(d), 1965 Tex. Gen. Laws 317, 491
(amended 1979) (current version at Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)(4) (Vernon
Supp. 2002)). The Court of Criminal Appeals construed section 6(d) together with section 5 to
require that the trial court had the sole authority to “direct[ ]” when and where a probationer
should report. See DeLeon, 466 S.W.2d at 574; McDonald, 442 S.W.2d at 387.
      The legislature amended section 6(d) in 1979 to provide that a trial court may require a
defendant to “[r]eport to the probation officer as directed by the judge or probation officer.” Act
of May 26, 1979, 66th Leg., R.S., ch. 605, § 4, 1979 Tex. Gen. Laws 1336, 1338 (amended
1983) (emphasis added). The current statute similarly provides that the court may require a
defendant to “[r]eport to the supervision officer as directed by the judge or supervision officer.” 
Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a)(4) (emphasis added).
      Notably, the Court of Criminal Appeals has not struck down a reporting requirement such as
that in Pierce’s case since the 1979 amendment. The Court has approved other conditions of
probation which leave some discretion to the community supervision officer or others. See DeGay
v. State, 741 S.W.2d 445, 450 (Tex. Crim. App. 1987) (condition requiring probationer to “obey
all rules and regulations of [a restitution center]”); Salmons v. State, 571 S.W.2d 29, 30 (Tex.
Crim. App. [Panel Op.] 1978) (similar condition).


 This Court has affirmed a revocation based
on the violation of a similar reporting requirement. See Deckard v. State, 679 S.W.2d 654, 655
(Tex. App.—Waco 1984, no pet.).
      Article 42.12, section 11(a)(4) expressly permits the condition of community supervision at
issue. This condition required Pierce to report as directed by his community supervision officer. 
His community supervision officer testified that Pierce had to report twice per month because he
was on the sex offender caseload. Pierce reported only once in March 1997 and only once in May
1997. He failed to report at all in August 1997. Even assuming his failure to report in August
is justified by his medical treatment and recuperation, the court had sufficient evidence before it
to conclude that he had violated the reporting requirement. See Deckard, 679 S.W.2d at 655.
      A court does not abuse its discretion in revoking a community supervision if a single violation
is shown. See Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980); Dunn
v. State, 997 S.W.2d 885, 887 (Tex. App.—Waco 1999, pet. ref’d); Marcum v. State, 983 S.W.2d
762, 766-67 (Tex. App.—Houston [14th Dist.] 1998, pet. ref’d). Therefore, the court did not
abuse its discretion by revoking Pierce’s community supervision based on his failure to report. 
See Greer v. State, 999 S.W.2d 484, 489-90 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d). 
Accordingly, we conclude that Pierce’s first issue is without merit, and we need not reach the
remainder of his issues.
      We affirm the judgment.
 
                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
      (Justice Vance dissenting)
Affirmed
Opinion delivered and filed December 28, 2001
Publish
[CR25]