**David Earl PIERCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–00–178–CR.**

Court of Appeals of Texas,
Waco.

Dec. 28, 2001.

Walter M. Reaves, Jr., West, for appellant.

John W. Segrest, McLennan County District Attorney, James Wiley, McLennan County Asst. District Attorney, Waco, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

## OPINION

REX D. DAVIS, Chief Justice.

David Earl Pierce pleaded guilty to sexual assault. In accordance with a plea agreement, the court sentenced Pierce to five years' imprisonment, suspended imposition of sentence, and placed him on community supervision for five years. The court revoked Pierce's community supervision four years later and imposed the original sentence. Pierce presents three issues in which he contends that the court abused its discretion in revoking his community supervision because: (1) the State failed to provide sufficient evidence that he failed to report as ordered because the community supervision order required that he report "at least once each 30 days" but his community supervision officer required him to report twice per month; (2) the court relied on unlawfully-seized evidence in finding that he had violated one of the conditions of his community supervision; and (3) his possession of pornographic materials did not suffice to establish that he had violated the condition of his community supervision which prohibited him from possessing materials which his community supervision officer had "identified as items [he] might use for the purpose of his/her deviant sexual arousal."

## FAILURE TO REPORT

Pierce contends in his first issue that the State failed to present sufficient evidence to show that he failed to report "as ordered" because the court required him to report only once per month and his community supervision officer had no authority to require him to do so more frequently. He avers that he reported at least once

per month during the three months at issue.

## PERTINENT FACTS

Pierce's community supervision order required him to "[r]eport to the McLennan County Adult Probation Officer immediately and thereafter as he shall direct, but at least once each 30 days." The State's revocation motion alleges in part that Pierce violated this condition by failing to report as ordered in March 1997, May 1997, and August, 1997.

At a hearing on the revocation motion, Pierce's supervision officer Amy Hand testified that she explained the terms and conditions of his community supervision to him at the beginning and that, based on conversations she had with him on that occasion and throughout the period of supervision, she believed that he understood the terms and conditions.[1] Because he was on the sex-offender caseload, Hand required him to report twice per month. Pierce's MHMR case manager accompanied him for one appointment each month, and he reported by himself for the other.

In March 1997, the MHMR office called Hand on the date of Pierce's first appointment for the month to say that Pierce's case manager was ill. Pierce did not report on that date. He reported alone for his second appointment that month. In May, Pierce failed to make his first appointment for the month on the 7th. He reported on May 20. Hand gave him a reminder slip and directed him to return for his next appointment on the 22nd. He did not appear on the 22nd and later told Hand that he had failed to do so because "he was just too tired to come that day."

In August 1997, Pierce failed to report at all. Toward the end of the month, his case manager called Hand to inform her that Pierce had had a cancerous lesion removed earlier that month and that he would be staying with his mother in Dallas for a period of time to recuperate. Hand asked the case manager to provide documentation, which was never done.

The court found that Pierce failed to report as alleged.

## PERTINENT AUTHORITIES

■ Pierce relies on a series of 1970's Court of Criminal Appeals decisions to support his argument.[2] These decisions seem to rely primarily on the former article 42.12, section 5, which provided that "[o]nly" the trial court had the authority to "fix or alter conditions [of probation]." *See, e.g., DeLeon v. State*, 466 S.W.2d 573, 574 (Tex.Crim.App.1971) (citing Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 42.12, § 5, 1965 Tex. Gen. Laws 317, 491); *McDonald v. State*, 442 S.W.2d 386, 387 (Tex.Crim.App.1969) (same) The current statute reads in a similar fashion. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 10(a) (Vernon Supp.2002).

Although the current statute regarding the court's sole authority to impose conditions of community supervision is essentially the same as it was twenty-five years ago, the statute establishing permissible

---

1. According to an MHMR case manager assigned to Pierce, Pierce has "borderline" mental retardation because of a low I.Q. However, Pierce does not contend that he did not understand the terms and conditions of his community supervision.

2. Specifically, Pierce cites the following cases: *Whitehead v. State*, 556 S.W.2d 802,

804–05 (Tex.Crim.App.1977); *Herrington v. State*, 534 S.W.2d 331, 334–35 (Tex.Crim.App. 1976); *Parsons v. State*, 513 S.W.2d 554, 555–56 (Tex.Crim.App.1974); *DeLeon v. State*, 466 S.W.2d 573, 574 (Tex.Crim.App.1971); *Campbell v. State*, 420 S.W.2d 715, 716 (Tex.Crim. App.1967).

conditions of community supervision has changed. Section 6 dictated the permissible conditions of probation in the 1970's. Section 6(d) provided that a trial court could require a defendant to "[r]eport to the probation officer as directed." *See* Code of Criminal Procedure, 59th Leg., R.S., ch. 722, § 1, art. 42.12, § 6(d), 1965 Tex. Gen. Laws 317, 491 (amended 1979) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(4) (Vernon Supp. 2002)). The Court of Criminal Appeals construed section 6(d) together with section 5 to require that the trial court had the sole authority to "direct[ ]" when and where a probationer should report. *See DeLeon,* 466 S.W.2d at 574; *McDonald,* 442 S.W.2d at 387.

The legislature amended section 6(d) in 1979 to provide that a trial court may require a defendant to "[r]eport to the probation officer as directed by the judge *or probation officer.*" Act of May 26, 1979, 66th Leg., R.S., ch. 605, § 4, 1979 Tex. Gen. Laws 1336, 1338 (amended 1983) (emphasis added). The current statute similarly provides that the court may require a defendant to "[r]eport to the supervision officer as directed by the judge *or supervision officer.*" TEX.CODE CRIM. PROC. ANN. art. 42.12, § 11(a)(4) (emphasis added).

Notably, the Court of Criminal Appeals has not struck down a reporting requirement such as that in Pierce's case since the 1979 amendment. The Court has approved other conditions of probation which leave some discretion to the community supervision officer or others. *See DeGay v. State,* 741 S.W.2d 445, 450 (Tex.Crim. App.1987) (condition requiring probationer to "obey all rules and regulations of [a

restitution center]"); *Salmons v. State,* 571 S.W.2d 29, 30 (Tex.Crim.App. [Panel Op.] 1978) (similar condition).[3] This Court has affirmed a revocation based on the violation of a similar reporting requirement. *See Deckard v. State,* 679 S.W.2d 654, 655 (Tex.App.-Waco 1984, no pet.).

■ Article 42.12, section 11(a)(4) expressly permits the condition of community supervision at issue. This condition required Pierce to report as directed by his community supervision officer. His community supervision officer testified that Pierce had to report twice per month because he was on the sex offender caseload. Pierce reported only once in March 1997 and only once in May 1997. He failed to report at all in August 1997. Even assuming his failure to report in August is justified by his medical treatment and recuperation, the court had sufficient evidence before it to conclude that he had violated the reporting requirement. *See Deckard,* 679 S.W.2d at 655.

■ A court does not abuse its discretion in revoking a community supervision if a single violation is shown. *See Sanchez v. State,* 603 S.W.2d 869, 871 (Tex.Crim.App. [Panel Op.] 1980); *Dunn v. State,* 997 S.W.2d 885, 887 (Tex.App.-Waco 1999, pet. ref'd); *Marcum v. State,* 983 S.W.2d 762, 766–67 (Tex.App.-Houston [14th Dist.] 1998, pet. ref'd). Therefore, the court did not abuse its discretion by revoking Pierce's community supervision based on his failure to report. *See Greer v. State,* 999 S.W.2d 484, 489–90 (Tex.App.-Houston [14th Dist.] 1999, pet. ref'd). Accordingly, we conclude that Pierce's first issue is

---

**3.** In both cases, the Court looked in part to article 42.12, section 6 (former statute setting out permissible conditions of probation) as a justification for the challenged conditions.

*See DeGay v. State,* 741 S.W.2d 445, 450 (Tex. Crim.App.1987) (art. 42.12, § 6(b)); *Salmons v. State,* 571 S.W.2d 29, 30 (Tex.Crim.App. [Panel Op.] 1978) (art. 42.12, § 6(j), (k)).

without merit, and we need not reach the remainder of his issues.

We affirm the judgment.

Justice VANCE dissenting.

Before his community supervision was revoked, David Earl Pierce was a MHMR client. His psychological disabilities include mental retardation and psychosis. In 1995, when he was in his late forties, he pled guilty to sexual assault, was sentenced to five years' incarceration, but placed on community supervision. He appeals from the order revoking community supervision, and based on this record, I would reverse that order.

### Possession of Pornographic Material

The amended motion to revoke alleged:

4. On or about January 26, 2000 possession of pornographic material, and/or pornographic aid, to wit: [listed items];

5. On or about January 31, 2000, possession of pornographic material, and/or pornographic aids, to wit: [listed items].

Pierce says it was not a condition of his community supervision to not possess "pornographic material."

The order granting community supervision, condition "30", states: "Be prohibited from possessing any photographs, drawings, or magazines or other printed material, motion pictures, video recordings or audio recordings **that the probation officer or his/her supervisor has identified as items the defendant might use for the purpose of his/her deviant sexual arousal;** the defendant is further prohibited from frequenting any place where such material is available to him/her." (Emphasis added).

The allegations in the amended motion to revoke do not allege a violation of condition "30" as it is stated in the community supervision order. While the "allegations in a motion to revoke probation need not be alleged with the same particularity required in an indictment or information," minimum due process requires that the motion "fully and clearly set forth the alleged violations of [community supervision] so that the defendant might be informed as to what he will be called to defend against." *Labelle v. State,* 720 S.W.2d 101, 104 (Tex.Crim.App.1986). Therefore, it follows that community supervision may not be revoked based on a violation of a condition contained in the community supervision order which is not alleged in the motion to revoke.

In addition, the State's evidence at the hearing was only about items found in Pierce's possession which the supervision office found to be pornographic. There was no specific testimony about items identified by the supervision officer as ones Pierce "might use for the purpose of [his] deviant sexual arousal." Following from *Labelle,* community supervision may not be revoked based on proof of an allegation in a motion to revoke which allegation does not refer to any condition of community supervision found in the community supervision order.

The State did not allege or prove a violation of condition "30," and a revocation of community supervision cannot be based thereon. This complaint should be sustained.

### Failure to Report

The amended motion to revoke alleged:

1. Failed to report as ordered for March, 1997.

2. Failed to report as ordered for May, 1997.

3. Failed to report as ordered for August, 1997.

In the order granting community supervision, there are two conditions which might pertain to reporting:

- Report to the McLennan County Adult Probation Officer immediately and thereafter as he shall direct, but at least once each 30 days.
- Be required to be supervised under the McLennan County Community Supervision and Corrections Department's Intensive Probation Program (Level II), Sex Offenders Caseload, as an alternative to the Texas Department of Criminal Justice, Institutional Division, and is to participate fully in the Intensive Probation Program for a minimum of 12 months and/or until such time as he/she is released by the Court.

The evidence at the revocation hearing was that a requirement of the Intensive Probation Program (Level II), Sex Offenders program was that probationers report twice per month.

At the revocation hearing, Pierce's supervision officer was asked about his "special needs." She said:

David needs assisted living. He is intellectually delayed. He pretty much does a lot on his own. He can cook, and he can clean, but he does need help paying bills, and getting him to places, transportation, and things like that, which MHMR provides, managing his money. I think they organize some of his social activities, and they helped him get a job. I think he was in job training.

The evidence at the revocation hearing established that Pierce was reporting twice per month, once by making his way to the probation department on his own and once with the help of and accompanied by his MHMR case manager. The role of the case manager was to help Pierce with "all his legal papers, and things like that." The supervision officer gave out slips with reporting dates which were distributed to Pierce's case manager and his employer.

In March 1997, Pierce reported on his own as he was supposed to, but neither Pierce nor the case manager showed up for the other report, because the case manager was ill. Virtually the same thing happened in May, although Pierce's excuse for missing the report with his case manager was that he "was tired." In August, Pierce did not report at all. His supervision officer testified that Pierce's case manager called and said Pierce, who had a history of skin cancer, missed the sessions because he had a cancerous skin lesion removed and was staying at his mother's residence in Dallas while he recuperated. His supervision officer also testified that during the entirety of Pierce's community supervision, these were the only four instances in which he failed to report as directed.

As to the condition of community supervision "Report to the McLennan County Adult Probation Officer immediately and thereafter as he shall direct, but at least once each 30 days," Pierce argues that under a line of cases beginning with *De Leon v. State*, the trial court cannot delegate its authority to set conditions of community supervision. 466 S.W.2d 573, 574 (Tex.Crim.App.1971); *Herrington v. State* 534 S.W.2d 331, 334 (Tex.Crim.App.1976); *Whitehead v. State*, 556 S.W.2d 802, 804–05 (Tex.Crim.App.1977). Under these cases, he maintains that the part of the first condition to report which said "and thereafter as [the supervision officer] shall direct" was not enforceable.

Although section 11 of article 42.14 has been amended to allow an order to report "as directed by the ... supervision officer," that section must be read in conjunction with section 10, which provides in part:

(e) If a supervision officer or magistrate modifies the conditions of community supervision, the officer or magistrate shall deliver a copy of the modified conditions to the defendant, shall file a copy of the modified conditions with the sentencing court, and shall note the date of delivery of the copy in the defendant's file. If the defendant agrees to the modification in writing, the officer or magistrate shall file a copy of the modified conditions with the district clerk and the conditions shall be enforced as modified. If the defendant does not agree to the modification in writing, the supervision officer or magistrate shall refer the case to the judge of the court for modification in the manner provided by Section 22 of this article.

Tex.Code Crim. Proc. Ann. art. 42.12, § 10(e) (Vernon Supp.2002). This section appears to carry out legislative intent that one subject to a community supervision order be fully aware of its requirements. Thus, it requires that a written record be created when the requirements are changed by a supervision officer. The officer may either propose a change, obtain the defendant's agreement, and file the agreed modification with the court or, if the defendant does not agree, refer the case to the court for formal modification.

The record shows that Pierce's community supervision was modified at least five times by written order of the court, with each change being acknowledged by Pierce, as evidenced by his signature.[1] Nothing in the record, however, shows that the supervision officer complied with section 10(e) with respect to the number of times Pierce was required to report. Thus, under the first condition, the court could enforce only a requirement that he report once a month. The undisputed evidence shows that he did not violate the provision in March and May, only in August, 1977.

As for the condition requiring participation in the sex offenders program, Pierce was not ordered to "report" twice per month, only to attend the program. Even though attending twice a month was a "requirement" of the program,[2] if Pierce failed to do that, the motion to revoke could have alleged "failure to fulfill the requirements of the sex offender program." Instead, the motion alleged three times: "Failed to report as ordered for [date]." These allegations do not sufficiently refer to the condition to attend the sex offender program to serve as a basis for revocation for violating that condition. See Labelle, 720 S.W.2d at 104. The allegations in the motion to revoke about failing to report pertain only to the condition "Report to the McLennan County Adult Probation Officer immediately and thereafter as he shall direct, but at least once each 30 days."

Absent the allegations about pornography and the allegations of failure to report in March and May, the only basis for revoking Pierce's community supervision is one missed report in August 1997. While a single isolated violation such as this may serve as the basis for a revocation, a trial court has discretion about whether to revoke community supervision. DeGay v. State, 741 S.W.2d 445, 449 (Tex.Crim.App. 1987). A trial court "is not accorded absolute discretion in the decision to revoke probation." Id. "After considering all of the evidence, the court may, in its sound discretion, revoke [community supervision] if the State has proved every element of the offense by a preponderance of the evidence." Battle v. State, 571 S.W.2d 20,

---

1. His "signature" is a printed combination of capital and small letters, like that of a child.

2. Apparently the requirements of the program are not in written form.

22 (Tex.Crim.App.1978). A trial court's decision to revoke is reviewed for abuse of discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App.1984); *Campbell v. State*, 427 S.W.2d 621, 622 (Tex.Crim.App. 1968). There is an abuse of discretion "when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Crim.App.1992); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1990).

After over a year of being on community supervision, Pierce missed one report. His reason, communicated to his supervision officer through his case manager, was that he was treating a cancerous skin lesion and staying with his mother in Dallas. After this one failure to report, Pierce did not miss any more reports for the next two and a half years.

In *Aranda v. State*, the Fort Worth court reversed a revocation order of a defendant who neither read nor spoke English and who technically violated conditions of his community supervision, because there was no evidence that he wilfully failed to comply, and because over a period of years he dutifully attempted to carry out the conditions he was revoked for violating. 684 S.W.2d 794 (Tex.App.-Fort Worth 1985, pet ref'd). The court said:

> The issue in this case is not simply testing whether the evidence was sufficient or whether there was a preponderance of the evidence against the appellant. Nor is the issue whether or not the probation officer was believable. The issue in this case is whether or not, under all of the circumstances, the trial court abused its discretion in revoking the probation which that same court had placed the appellant on over two years prior to the time of revocation. At issue

here is the question of what should be done with a man who neither reads nor speaks the English language .... There was no evidence at trial of any such willful failure of the appellant to make the probation payment. ...

> We find that the evidence is insufficient for the trial court to have concluded that Aranda failed to make the April 1983 payment and further that even had he failed to make such payment, we find there is no evidence that such failure was willful. Accordingly, we hold that the trial court abused its discretion in holding that there was a failure, or that such failure, if any, was a violation of the terms and conditions of his probation.
> . . .

> We further find that the court abused its discretion in holding that Aranda violated paragraph 18 of the probation order when the court found he failed to report as required to Moore County, Texas after being transferred to courtesy supervision in the State of Kansas. The allegation that Aranda did not report was not challenged. He did not report in writing as required by the order. The issue raised is whether or not Aranda should be held accountable for failure to report under the circumstances. ... The evidence is uncontroverted that he was in fact complying with the requirements of the supervisory office of Kansas to which he had been assigned, and there is not sufficient evidence, if any, to support any of the allegations that appellant willfully violated the reporting conditions of his probation.

*Id.* at 799–800.

There was no evidence Pierce failed to diligently attempt to make all his required appointments or that he wilfully missed the one report in August 1997.

*Conclusion*

Given Pierce's psychological condition and the failure of the motion to allege specific violations of the conditions of community supervision with respect to "possession of pornography" and the single failure to report in August of 1997, almost three years before the hearing on the motion to revoke community supervision, I would reverse the revocation order and remand the cause to the trial court.