

# IN THE
# TENTH COURT OF APPEALS

No. 10-18-00257-CR
No. 10-18-00258-CR

**MICHAEL JOHN ZALOBNY,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

## From the 21st District Court
## Burleson County, Texas
## Trial Court Nos. 14,511 & 14,512

## MEMORANDUM OPINION

Pursuant to a plea agreement with the State, appellant, Michael John Zalobny, pleaded guilty to the offense of unauthorized use of a vehicle in appellate cause number 10-18-00257-CR. *See* TEX. PENAL CODE ANN. § 31.07 (West 2016). In another plea agreement with the State in appellate cause number 10-18-00258-CR, appellant pleaded guilty to the offense of unlawful possession of a controlled substance in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2017). The trial

court accepted the plea agreements, deferred adjudications of guilt, and placed appellant on community supervision for a period of four years in both appellate cause numbers. The sentences were ordered to run concurrently.

Thereafter, the State filed several motions to adjudicate appellant's guilt and revoke appellant's community supervision, alleging numerous violations. After a hearing, the trial court determined that appellant had violated five conditions of his community supervision in each case. As a result, the trial court adjudicated appellant guilty of the underlying offenses and revoked appellant's community supervision in both appellate cause numbers. The trial court sentenced appellant to two years' imprisonment in both cases. Once again, the sentences were ordered to run concurrently.

In five issues in both appellate cause numbers, appellant challenges the revocation of his community supervision. We affirm.

## I.    STANDARD OF REVIEW

The decision to proceed to an adjudication of guilt and to revoke deferred-adjudication community supervision is reviewable in the same manner as a revocation of ordinary community supervision in which the adjudication of guilt was not deferred. *See* TEX. CODE CRIM. PROC. ANN. art. 42A.108(b) (West 2018). We review an order revoking community supervision under an abuse-of-discretion standard. *See Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of

his community supervision. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013). "In the probation-revocation context, 'a preponderance of the evidence' means 'that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation.'" *Id.* at 865 (quoting *Rickels*, 202 S.W.3d at 764). The trial court is the sole judge of credibility of the witnesses and the weight to be given their testimony; thus, we review the evidence in the light most favorable to the trial court's ruling. *See id.* If the State fails to produce a preponderance of the evidence to support a violation of the terms of appellant's community supervision, the trial court abuses its discretion if it revokes appellant's community supervision. *See Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984).

## II.   ANALYSIS

In his third issue in both appellate cause numbers, appellant contends that the State did not prove allegations 2(a) and 2(b) contained in the State's Third Amended Motion to Proceed, which corresponded with allegations that appellant tested positive for methamphetamines on two different occasions. We disagree.

In its third amended motion to proceed, the State alleged that appellant:

2a.   **Violated Condition 2** of the terms of his probation which requires that he, "Avoid injurious or vicious habits:  including, but not limited to, abstain from the use of narcotics or drugs in any form at any time; abstain from the use of alcohol in any form at any time or any substance capable of or calculated to cause intoxication and never become intoxicated," in that the said MICHAEL JOHN ZALOBNY, tested positive for methamphetamine on March 30, 2016. Furthermore, he signed a written admission on March 30, 2016,

indicating he used methamphetamine on or about March 26, 2016, and that he had been using it approximately one time per month.

2b. **Further**, the said MICHAEL JOHN ZALOBNY, tested positive for methamphetamine on May 23, 2017. Furthermore, he signed a written admission on May 24, 2017, indicating he used methamphetamine on or about May 19, 2017 or May 20, 2017.

(Emphasis in original).

At the hearing on the State's motion, Jason Walker, a probation officer in Burleson and Washington counties, testified that appellant tested positive for methamphetamines on two occasions. In support of Walker's testimony, the State proffered two documents signed by appellant on March 30, 2016 and May 24, 2017, whereby appellant admitted to methamphetamine use on or about March 25, 2016 and May 19, 2017 or May 20, 2017. Additionally, the March 30, 2016 admission includes documentation that appellant used methamphetamines approximately one time a month. As shown above, appellant's methamphetamine use violated the second condition of appellant's community supervision in both appellate cause numbers.

Despite the foregoing, appellant contends that the State's use of the term "Furthermore" in allegations 2(a) and 2(b) required the State to prove both positive tests and the admissions of violations of community supervision. And the failure to do so limited the State to revoking his community supervision only on the allegations of which he had notice. We are not persuaded by appellant's arguments.

First, Walker testified about two instances where appellant tested positive for methamphetamines. Second, the usage of "Furthermore" in the State's third motion to proceed did not require the State to prove both a positive test and the admission of a violation of community supervision. Rather, appellant's admissions constituted formal concessions that dispensed with the need for proof of these facts. *See Bryant v. State*, 187 S.W.3d 397, 400 (Tex. Crim. App. 2005) (noting that a defendant may stipulate to evidence against him and that a stipulation is a kind of judicial admission that has the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of that fact). The use of "Furthermore" did not somehow impose an additional duty on the State to go behind appellant's admissions and prove that his admissions were indeed true with drug tests. *See id.* Much like we do in judicial opinions, the State used the term "Furthermore" to show that it had additional evidence demonstrating that appellant had violated the terms and conditions of his community supervision in both cases. *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 474 (10th ed. 1993) (providing that "furthermore" means "in addition to what precedes").

Furthermore, the State's allegations in the third amended motion to proceed correspond with the information contained in the admissions signed by appellant. And finally, though the dates do not exactly line up, the usage of the "on or about" language in the State's motion is sufficient to provide appellant with adequate notice of the alleged violations of his community supervision and, thus, undermines any argument of surprise

or prejudice. *See Williams v. State*, 565 S.W.2d 63, 64 (Tex. Crim. App. 1978) (noting that the State "is not bound by the date on or about which the offense is alleged to have been committed, and that appellant could have been convicted upon proof that the offense was committed any time within the period of limitation and prior to the return of the indictment"). Thus, we cannot say that any variance in the charging instrument and the proof at trial surprised or prejudiced appellant. *See Gollihar v. State*, 46 S.W.3d 243, 257 (Tex. Crim. App. 2001) (stating that a variance is fatal only if it operated to the defendant's surprise or prejudiced him); *see also Hammack v. State*, 466 S.W.3d 302, 307 (Tex. App.—Texarkana 2015, no pet.) ("When reviewing a variance, we must determine whether the charging instrument, as written, informed the defendant of the charge against him or sufficiently allowed the defendant to prepare an adequate defense at trial and whether the prosecution under the deficiently drafted instrument would subject the defendant to the risk of being prosecuted later for the same crime."); *Moore v. State*, 11 S.W.3d 495, 499-500 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (noting that the fatal-variance doctrine is applicable to revocation of community supervision).

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the record contains sufficient evidence to demonstrate by a preponderance of the evidence that appellant violated condition 2 of his community supervision by using methamphetamines on at least two occasions. *See Hacker*, 389 S.W.3d at 864-65. We therefore cannot say that the trial court abused its discretion by revoking appellant's

community supervision. *See Rickels*, 202 S.W.3d at 763-64. Accordingly, we overrule appellant's third issue in appellate cause numbers 10-18-00357-CR and 10-18-00358-CR.

And because proof of a single violation of the terms of community supervision is sufficient to support revocation, we need not address the remainder of appellant's issues. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978))); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Pierce v. State*, 67 S.W.3d 374, 377-78 (Tex. App.—Waco 2001, pet. ref'd); *see also* TEX. R. APP. P. 47.1, 47.4.

### III. CONCLUSION

Based on the foregoing, we affirm the judgments of the trial court in appellate cause numbers 10-18-00357-CR and 10-18-00358-CR.

JOHN E. NEILL
Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Neill
Affirmed
Opinion delivered and filed July 31, 2019
Do not publish
[CR25]

