

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00118-CR

**DYLAN JAMES HUBYCH,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 249th District Court
### Johnson County, Texas
### Trial Court No. F48810

## MEMORANDUM OPINION

In four issues, appellant, Dylan James Hubych, contends that the trial court abused its discretion by: (1) assessing attorney's fees against him in the judgment revoking community supervision; and (2) revoking his community supervision based on findings of assault family violence by occlusion, failure to pay reimbursement fees, and failure to pay urinalysis fees. We affirm.

## Court-Appointed Attorney's Fees

In his first issue, Hubych complains that the trial court abused its discretion when assessing attorney's fees in the judgment revoking community supervision. We disagree.

Pursuant to a plea agreement with the State, Hubych pleaded guilty to one count of harassment of a public servant ("Count 1") and one count of retaliation ("Count 2"). The trial court accepted Hubych's guilty plea, found him guilty, sentenced him to ten years in prison, suspended the sentence, and placed him on community supervision for ten years. The trial court also assessed $885 in costs. Attached to this judgment is a certified bill of costs listing several costs, including $550 for court-appointed attorney's fees. Hubych did not appeal from the judgment placing him on community supervision. Instead, Hubych began making payments on the assessed court costs. Over the next two years, Hubych paid all courts costs in full.

On October 28, 2021, the State filed a motion to revoke Hubych's community supervision. The State later filed an amended motion to revoke, amending the prior allegations and adding additional allegations. After a hearing, the trial court found one of the allegations contained in the State's motion to revoke to be true and sentenced Hubych to ten years in prison with no fine or court costs assessed. Attached to the trial court's judgment is a certified bill of costs that did not assess additional costs and stated that Hubych does not owe for costs.

Because Hubych has fully paid the court-appointed attorney's fees from the judgment placing him on community supervision, and because the trial court did not assess additional court-appointed attorney's fees in the judgment revoking Hubych's community supervision, Hubych has presented nothing to review in the certified bill of costs corresponding with the judgment revoking his community supervision.

And to the extent that Hubych seeks reimbursement for court-appointed attorney's fees already paid, we note that when appellant has knowledge of the imposition of attorney's fees and fails to appeal from the original order placing him on community supervision, the attorney's fees issue is procedurally defaulted and cannot be revived. *See Riles v. State*, 452 S.W.3d 333, 338 (Tex. Crim. App. 2015); *see also Branch*, No. 10-16-00383-CR, 2017 Tex. App. LEXIS 7355, at *2 (Tex. App.—Waco Aug. 2, 2017, no pet.) (mem. op., not designated for publication). As noted earlier, Hubych did not appeal the trial court's judgment placing him on community supervision. Further, the record supports a conclusion that Hubych had knowledge of the imposition of the attorney's fees when he was placed on community supervision. Indeed, the certified bill of costs corresponding with the judgment placing Hubych on community supervision specifically listed $550 in court-appointed attorney's fees. Because the complained-of court-appointed attorney's fees were imposed initially when Hubych was placed on community supervision, and because Hubych had knowledge of the fees and did not appeal the trial court's order placing him on community supervision, we conclude that

Hubych has procedurally defaulted this complaint. *See Riles*, 452 S.W.3d at 337; *see also Branch*, 2017 Tex. App. LEXIS 7355, at *2. We therefore overrule Hubych's first issue.

**Sufficiency of the Evidence to Support Revocation**

In his second, third, and fourth issues, Hubych argues that the evidence is insufficient to support the trial court's finding that Hubych violated his community supervision by committing assault family violence by occlusion, failure to pay reimbursement fees, and failure to pay urinalysis fees.

STANDARD OF REVIEW

We review an order revoking community supervision, whether regular community supervision or deferred adjudication, under an abuse-of-discretion standard. *See Hacker v. State*, 389 S.W.3d 860, 864-65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763-64 (Tex. Crim. App. 2006). To justify revocation, the State must prove by a preponderance of the evidence that the defendant violated a term or condition of community supervision. *See Hacker*, 389 S.W.3d at 864-65. In this context, "'a preponderance of the evidence' means 'that the greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision.].'" *Id.* at 865 (quoting *Rickels*, 202 S.W.3d at 764). The trial court is the sole judge of the credibility of the witnesses and the weight to be given to their testimony. *Id.* Thus, we review the evidence in the light most favorable to the trial court's ruling. *See id.* If the State fails to produce a preponderance of the evidence to support a

violation of the terms of Hubych's community supervision, the trial court abuses its discretion if it revokes his community supervision. *See Cardona v. State*, 665 S.W.2d 492, 493-94 (Tex. Crim. App. 1984). Furthermore, proof of a single violation is sufficient to support a revocation of community supervision. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

DISCUSSION

**Assault Family Violence by Occlusion**

Here, the trial court found Hubych violated his community supervision by committing assault family violence by occlusion. Under section 22.01 of the Texas Penal Code, a person commits assault family violence by occlusion if the person: (1) commits assault by intentionally, knowingly, or recklessly causes bodily injury to another; (2) commits the assault by intentionally, knowingly, or recklessly impedes the normal breathing or circulation of blood by applying pressure to the other's throat or neck or by blocking the other's nose or mouth; and (3) has a relationship to or association with the other person that is described by sections 71.0021(b), 71.003, or 71.005 of the Texas Family Code. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B); TEX. FAMILY CODE ANN. §§ 71.0021(b), 71.003, 71.005; *see also Price v. State*, 457 S.W.3d 437, 440-41 (Tex. Crim. App. 2015). The required bodily injury is "impeding normal breathing or circulation of the blood." TEX. PENAL CODE ANN. § 22.01(b)(2)(B); *see Ortiz v. State*, 623 S.W.3d 804, 807 (Tex. Crim. App. 2021). The manner and means of committing the crime can be either by

applying pressure to the person's throat or neck or by blocking the person's nose or mouth. TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B). On appeal, Hubych contends that the State failed to prove by a preponderance of the evidence that he assaulted Paige Thunder or that he intentionally, knowingly, or recklessly impeded Thunder's normal breathing.

Paige Thunder, the mother of Hubych's two children, testified that Hubych accused her of stealing a $200 DeWalt battery from him. While holding a beer, Hubych picked up a two-by-four and repeatedly struck Thunder's vehicle. Thunder tried to take the board out of Huybch's hand. When Thunder attempted to do so, Hubych "pinned [Thunder] up against the Tahoe with it." Thunder recounted that Hubych held the board against her throat, which prevented her from breathing for "a couple seconds." Thunder testified that Hubych caused her pain and that she was afraid Hubych would kill her. State's Exhibits B and C showed marks on Thunder's chest, neck, and throat from the assault.

Thunder's former neighbor, Cecily Vargas, called 911 after observing Hubych assaulting Thunder. Vargas recounted that Hubych "had grabbed a board and put it to [Thunder's] throat." Vargas's boyfriend, Austin Meers, recalled that he was sitting on his front porch when he saw Hubych assault Thunder. Specifically, Meers stated that, on the day in question, Thunder and Hubych were arguing when Hubych "picked up a board, hit the taillight of the car and then proceeded to choke [Thunder] with it and threw her

on the ground." In describing the assault, Meers testified that Hubych was standing behind Thunder and "[p]ulling back" on the two-by-four for two or three minutes. Hubych left the scene when he heard the police arrive.

Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the record contains sufficient evidence to demonstrate by a preponderance of the evidence that Hubych violated the terms and conditions of his community supervision by committing the offense of assault family violence by occlusion. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(B); *see also Hacker*, 389 S.W.3d at 864-65. And to the extent that Hubych contends that the witnesses for the State were biased or motivated to fabricate their testimony, we emphasize that the trial court, as the factfinder, was the sole judge of the credibility of the witnesses and could choose to believe all, some or none of the testimony presented by the parties. *See Hacker*, 389 S.W.3d at 865; *see also Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991) ("As factfinder, the [trier of fact] is entitled to judge the credibility of witnesses, and can choose to believe all, some, or none of the testimony presented by the parties."). Moreover, we must defer to the factfinder's resolution of conflicts in the evidence. *See Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008); *Render v. State*, 316 S.W.3d 846, 859 (Tex. App.—Dallas 2010, pet. ref'd) ("An appellate court must give deference to a jury's decision regarding what weight to give contradictory testimonial evidence because the decision is most likely based on an

evaluation of credibility and demeanor, which the jury is in a better position to judge."). We overrule Hubych's second issue.

**Failure to Pay Reimbursement and Urinalysis Fees**

In his third and fourth issues, Hubych complains that the evidence is insufficient to support revocation of his community supervision based on findings that he failed to pay reimbursement and urinalysis fees. We need not address these issues because we have concluded that the evidence was sufficient to establish that Hubych violated the terms and conditions of his community supervision by committing assault family violence by occlusion, and because proof of a single violation of the terms of community supervision is sufficient to support revocation. *See Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009) ("We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." (quoting *Jones v. State*, 571 S.W.2d 191, 193-94 (Tex. Crim. App. [Panel Op.] 1978))); *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980) ("We need not address appellant's other contentions since one sufficient ground for revocation will support the court's order to revoke probation."); *Pierce v. State*, 67 S.W.3d 374, 377-78 (Tex. App.—Waco 2001, pet. ref'd); *see also* TEX. R. APP. P. 47.1, 47.4. We overrule Hubych's third and fourth issues.

**Conclusion**

We affirm the judgments of the trial court.

STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson,
     and Justice Smith
Affirmed
Opinion delivered and filed March 15, 2023
Do not publish
[CR25]

